NEW JERSEY DEPARTMENT OF LABOR.
WORKMEN'S COMPENSATION BUREAU.

## MORRIS GALVIN, PETITIONER, v. FLOCKHART FOUNDRY COMPANY, RESPONDENT.

### Degree of Permanent Disability Due to a Tilting of Pelvis, &c.

A formal petition having been filed in the above matter asking for compensation under the terms of the Compensation law of this state, and an answer having been duly filed, the same came on for a formal hearing before me in Newark, on Wednesday, February 11th, the petitioner being represented by Attorney Samuel Greenstone and the respondent by Attorney Richard W. Baker.

Mr. Galvin testified on his own behalf and also for the petitioner; Dr. Basson, Dr. Twinch and Dr. Keppler were called to testify. On behalf of the respondent Drs. Ruoff, Griffith and Holden were called to testify. It was claimed on behalf of the petitioner that, as a result of an accident which happened on April 9th, 1923, he was temporarily incapacitated for a considerable period of time, and because of the fracture of the neck of the femur of the right leg he suffered a permanent disability, which should be taken in terms of partial total permanent disability, because of a tilting of the pelvis and some atrophy of the gluteal muscles. The doctors called by the petitioner estimated that there was a permanent disability amounting to between forty per cent. and fifty per cent. of partial total permanent disability. The doctors who testified on behalf of the respondent, however, claimed that permanent disability was limited to between twenty per cent. and twenty-five per cent. permanent loss of the right leg, basing their estimates on the leg, as the fracture was to the neck of the fumur, and there was no more atrophy of the gluteal muscles than would occur in the case of any fracture of the leg or in the case of an amputation of the leg. They also testified that there was no more tilting

of the pelvis than there would be to any injury to the leg in which there was any shortening whatsoever present. They testified that there would be a tilting of the pelvis in the case of an amputation of the leg, which would have to be compensated for by an artificial limb.

After carefully examining the testimony in this case, I do hereby find that the petitioner did suffer an accident arising out of and in the course of his employment, on April 9th, 1923; that his wages were $20.52 per week; that he was temporarily incapacitated from the date of the accident up to January 21st, 1924, entitling him to temporary compensation for a period of thirty-nine and four-sevenths weeks at the rate of $12, all of which has been paid by the respondent; that the petitioner has suffered a permanent disability of twenty-five per cent. loss of the right leg, entitling him to forty-three and three-fourths weeks' compensation at $12 per week, all of which has been paid by the respondent. I do find, as a fact, that the permanent disability is limited to the leg, as the injury was to the leg and the atrophy of the gluteal muscles, and the tilting of the pelvis is merely the natural consequence of any serious fracture of the femur, with some resulting shortening or an amputation of the leg. Therefore, the disability should be limited to the leg, and I find, as a matter of fact, that the disability suffered by the petitioner is limited to the right leg.

Accordingly, I hereby order that the petitioner be entitled to thirty-nine and four-sevenths weeks' compensation at $12 per week for temporary disability, and forty-three and three-fourths weeks' compensation at $12 per week for permanent disability, all of which has already been paid by the respondent.

HARRY J. GOAS,
*Deputy Commissioner.*